UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLINTON LEE POWERS,

        Plaintiff,

vs.                        Case No. 3:12-cv-393-J-99TJC-TEM

NAIMAN, etc.; et al.,

        Defendants.

---

## REPORT AND RECOMMENDATION[1]

### I.  Status

Plaintiff Clinton Lee Powers instituted this action by filing a *pro se* civil rights Complaint (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on April 9, 2012.  This cause is before the Court on Defendant Neel's Motion to Dismiss Complaint (Doc. #11) (Neel's Motion to Dismiss).  Plaintiff's response to Neel's Motion to Dismiss, entitled "Motion for Denial of Defendant C. Neel's Motion to Dismiss Plaintiff's Complaint" (Doc. #16) was filed October 1, 2012.  See Order (Doc. #6).

---

[1] Any party may file and serve specific, written objections hereto within **FOURTEEN (14) DAYS** after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

## II.  Motion to Dismiss

This Court looks to the allegations in the complaint when reviewing a 12(b)(6) motion.  The Eleventh Circuit explained:

> Generally, under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  To survive a 12(b)(6) motion to dismiss, the complaint "does not need detailed factual allegations," Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010).  Simply, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

### III.  Defendant Neel

In the Complaint, Plaintiff raises a free exercise of religion claim under the First Amendment to the United States Constitution. Complaint at 8.  He also claims a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA).  Id.  He asserts: "Defendants violated the above by depriving Plaintiff [of] religious holy garments which are a central tenet of Plaintiff's Jewish belief."  Id.  As relief, Plaintiff seeks punitive damages against Defendant Neel.[2]  Id. at 10.

---

[2] Plaintiff seeks an injunction ordering Defendants Polk and Naiman to grant him permission to retain and possess religious holy garments.   Additionally, he seeks punitive damages against Defendants Polk, Adams, and Naiman.

When reviewing Plaintiff's Complaint, the Court must apply the Twombly - Iqbal plausibility standard.  The Court will assume "that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." Randall v. Scott, 610 F.3d at 710 (footnote omitted).

Plaintiff alleges the following.  He is a practicing Messianic Jewish inmate confined at Florida State Prison.  He requested that he be allowed to keep his religious garments in his cell.  This request was denied for security reasons as Plaintiff is confined in maximum management status, not open population.  As a result, the religious garments are kept in the institution chapel.

Plaintiff has grieved the matter through the administrative grievance process.  The informal grievances/requests attached to his Complaint are dated November 3, 2011, January 2, 2012, and January 10, 2012.  The Chaplain responded that some religious items would be kept in the chapel and some items would be returned after Plaintiff regained his property privileges.  The Chaplain further informed Plaintiff that he would never be allowed to keep a prayer shawl in his cell, even if he were to regain his property privileges, because Plaintiff is on maximum management status. Plaintiff was advised that there were security issues involved.

On January 16, 2012, Plaintiff wrote a formal grievance appeal to the Assistant Warden.  Prior to receiving a response from the Assistant Warden, on February 21, 2012, Plaintiff filed a Request

4

for Administrative Remedy or Appeal to the Secretary, Florida Department of Corrections, complaining that he was not allowed to keep his religious garments in his cell.  On March 1, 2012, Defendant Neel, the Secretary's Representative, giving a response prior to the response issued by the Assistant Warden to the initial appeal, said:

> Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.006, Inmate Grievance Procedure.  You did not provide this office with a copy of the formal grievance filed at the institutional level.
>
> Our grievance log reflects that formal grievance 1201-205-242 was responded to on 02/27/2012 and is awaiting signature from the final reviewing authority.  **Upon receipt of the formal grievance response you will be allowed an additional 15 days from the mail date of the response to re-file your appeal to this office.  Attach a copy of this response to your re-filed appeal.**
>
> **Based on the foregoing information, your appeal is returned without action.**

Response Dated March 1, 2012 (emphasis added).

Thereafter, the response dated March 11, 2012, from the Assistant Warden, R. Polk and also signed by K. Adams, states:

> Your request for administrative remedy is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, and Inmate Grievance Procedure.  The rule requires that you first submit an informal grievance at the appropriate level at the institution.  **You have not done so or you have no provided this office with a copy of the informal grievance,**

> **or an acceptable reason for not following the rules.**
>
> Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you must resubmit an informal grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.
>
> Based on the foregoing information, your grievance is returned without action.
>
> Note: a review of the informal log indicates that you did not file an informal in December 2011 or any time prior to submitting this formal.

Response Dated March 11, 2012 (emphasis added).

Plaintiff asserts that "C. Neel responded by returning Plaintiff's appeal stating the same response as that received from K. Adams and R. Polk. A blatant out-right disregard for the facts presented with said appeal." Complaint at paragraph 20. Defendant Neel counters that Plaintiff has failed to state a claim as a matter of law against him. In this case, Defendant Neel responded that Plaintiff should re-file his appeal after receiving his response to the formal grievance submitted to the Assistant Warden. Plaintiff's appeal was returned without action by Defendant Neel. Apparently, Plaintiff is claiming Defendant Neel should be held liable because he failed to do anything in response to Plaintiff's grievance appeal. Even assuming Defendant Neel's response could be construed to be a denial of Plaintiff's grievance appeal, that is insufficient to impose liability. See Larson v. Meek, 240

6

Fed.Appx. 777, 780 (10th Cir. 2007) (not selected for publication in the Federal Reporter) (finding that a defendant's "denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); Baker v. Rexroad, 159 Fed.Appx. 61, 62 (11th Cir. 2005) (per curiam) (not selected for publication in the Federal Reporter) ("Because the failure of [the defendant] to take corrective action upon the filing of [the plaintiff]'s administrative appeal at the institutional level did not amount to a violation of due process, the district court properly determined that [the plaintiff] failed to state a claim under § 1983"), cert. denied, 549 U.S. 840 (2006); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (finding that prison officials who were not involved in an inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that the failure to act constituted an acquiescence in the unconstitutional conduct), cert. denied, 530 U.S. 1264 (2000).  Defendant Neel's motion to dismiss is due to be granted.

Defendant Neel contends that he is entitled to qualified immunity.  The Eleventh Circuit explained:

> "Qualified immunity shields government officials who perform discretionary governmental functions from civil liability so long as their conduct does not violate any 'clearly established statutory or constitutional rights of which a reasonable

> person would have known.'" <u>Rehberg v. Paulk</u>, 611 F.3d 828, 838 (11th Cir. 2010) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)), <u>cert</u>. <u>granted</u>, --- U.S. ----, 131 S.Ct. 1678, 179 L.Ed.2d 645 (2011).

> "To evaluate claims of qualified immunity, the Court considers whether (1) the plaintiff has alleged a violation of a constitutional right; and (2) whether the right was 'clearly established' at the time of the defendant's misconduct." <u>Rehberg</u>, 611 F.3d at 838–39. These questions are answered in whatever order is most appropriate for the case. <u>Pearson v. Callahan</u>, 555 U.S. 223, ----, 129 S.Ct. 808, 821, 172 L.Ed.2d 565 (2009).

> "In order to determine whether a right is clearly established, we look to the precedent of the Supreme Court of the United States, this Court's precedent, and the pertinent state's supreme court precedent, interpreting and applying the law in similar circumstances." <u>Oliver v. Fiorino</u>, 586 F.3d 898 (11th Cir. 2009).

<u>Thompson v. Hall</u>, 426 Fed.Appx. 855, 858 (11th Cir. 2011) (per curiam) (not selected for publication in the Federal Reporter) (footnote omitted).

Since Plaintiff has failed to sufficiently allege the violation of a constitutional right by Defendant Neel, "there is no need to proceed to the next step of determining if a constitutional right was clearly established." <u>Smith ex rel. Smith v. Siegelman</u>, 322 F.3d 1290, 1298 n.16 (11th Cir. 2003).

Plaintiff's action for punitive damages against Defendant Neel for mental or emotional injuries is barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated. Section 1997e(e) "applies only

to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody."  Id. at 532.  Thus, pursuant to § 1997e(e), a prisoner bringing a § 1983 action must demonstrate a physical injury that is more than de minimus in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody. Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011); Hale v. Sec'y, Dept. of Corr., 345 Fed.Appx. 489, 491 (11th Cir. 2009) (per curiam) (citation omitted) (not selected for publication in the Federal Reporter).  An action barred by § 1997e(e) is barred only during Plaintiff's imprisonment.  Here, Plaintiff does not allege any physical injury as a result of Defendant's actions; therefore, his claim against Defendant Neel for monetary damages for mental or emotional injuries is barred as long as Plaintiff remains incarcerated.

Defendant Neel contends that Plaintiff is not entitled to monetary damages for the alleged RLUIPA claims.  As recognized by the Eleventh Circuit:

> Section 3(a) of RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005). More expansive than prisoners' rights under the First Amendment, RLUIPA "affords to prison inmates a heightened protection from government-imposed burdens, by requiring that the government demonstrate that the

substantial burden on the prisoner's religious exercise is justified by a compelling, rather than merely a legitimate, governmental interest." Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007) (internal quotation marks omitted), abrogated on other grounds by Sossamon v. Texas, --- U.S. ----, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011). Thus, if Gardner's RLUIPA rights were not violated, neither were his First Amendment rights.

"To establish a prima facie case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." Smith, 502 F.3d at 1276. "The practice burdened need not be central to the adherent's belief system, but the adherent must have an honest belief that the practice is important to his free exercise of religion." Sossamon v. Lone Star State of Texas, 560 F.3d 316, 332 (5th Cir. 2009). "Although RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion, ... the Act does not preclude inquiry into the sincerity of a prisoner's professed religiosity." Cutter, 544 U.S. at 725 n. 13, 125 S.Ct. 2113.

Gardner v. Riska, 444 Fed.Appx. 353, 354-55 (11th Cir. 2011) (per curiam) (not selected for publication in the Federal Reporter).

Indeed, if Plaintiff Powers meets his burden of demonstrating that the challenged action substantially burdens the exercise of his Jewish beliefs, the government then has the burden to show that the imposition of the burden or refusal to accommodate Plaintiff's belief furthers a compelling government interest by the least restrictive means. However, if Plaintiff Powers "fails to present evidence to support a prima facie case under RLUIPA, the court need not inquire into whether the governmental interest at stake was

compelling."   <u>Edwards v. Corneluis</u>, No. 6:11-cv-1630-Orl-36DAB, 2012 WL 2087413, at *7 (11th Cir. 2012) (citation omitted).

Upon review, Plaintiff has not presented a prima facie case under RLUIPA against Defendant Neel.  The Court accepts as true, for purposes of a motion to dismiss, that Plaintiff's wears religious garments because of his religious beliefs.  Plaintiff, however, has not alleged facts which demonstrate that his religious exercise was substantially burdened by Defendant Neel's action of returning the grievance appeal without action and telling Plaintiff to resubmit his appeal after the response was obtained to the formal grievance.  Here, Plaintiff has not demonstrated some type of conduct, on the part of Defendant Neel, the purpose of which was to substantially burden Plaintiff's ability to practice his Jewish faith.  Thus, Defendant Neel's motion to dismiss is due to be granted on Plaintiff's claims for violation of RLUIPA.

<u>CONCLUSION</u>

Accordingly, it is hereby **RECOMMENDED** that Defendant Neel's Motion to Dismiss Complaint (Doc. #11) be granted and Defendant Neel be dismissed from this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of November, 2012.

THOMAS E. MORRIS
United States Magistrate Judge

```
sa 11/1
c:
Clinton Lee Powers
Ass't A.G. (Stubbs)
```